UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMONE SIGNIL,

        Plaintiff,

v.

CASE NO. 12-15533
HONORABLE NANCY G. EDMUNDS

OFFICER BLACK, OFFICER THOMAS,
JOHN DOE #1, and JOHN DOE #2,

        Defendants.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Damone Signil is a state prisoner currently incarcerated at Gus Harrison Correctional Facility in Adrian, Michigan. He recently filed a *pro se* civil rights complaint against four state correctional officers whom he has identified as Officer Black, Officer Thomas, John Doe #1, and John Doe #2.

Plaintiff alleges that, on February 24, 2012, while he was confined at Macomb Correctional Facility in New Haven, Michigan, a laundry porter by the name of Luttman interrupted Plaintiff's conversation with two other inmates. Luttman expressed some hostility toward Plaintiff and indicated that he wanted to harm Plaintiff and intended to stab him. Luttman left the area, but returned and threw a window crank at Plaintiff through a slot in Plaintiff's cell door. Luttman then walked away. He returned a second time and threw boiling hot water on Plaintiff's head and neck. Plaintiff claims that the boiling water disfigured him and caused him excruciating pain. On or about February 26, 2012, medical

personnel at Macomb Correctional Facility examined Plaintiff and treated him for first- and third-degree burns.

Plaintiff faults the defendants for giving Luttman access to the microwave oven, which Luttman apparently used to boil the water that he threw at Plaintiff. Plaintiff seeks money damages from the defendants in their personal and official capacities.

## II. Standard of Review

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. The Court must dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), conclusory statements will not suffice, and only a complaint that states a claim to relief plausible on its face will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555-56 and 570). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### III. Discussion

The Court understands the complaint to allege that the defendants should be held liable for failing to protect Plaintiff from Luttman. An inmate's conditions of confinement are subject to scrutiny under the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment and imposes on prison officials the duty to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "In particular, . . . 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Id.* at 833 (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). Nevertheless,

> a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious;" a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities" . . . .
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety . . . .
>
> . . . .
>
> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 834, 837 (citations omitted). In other words, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take

3

reasonable measures to abate it." *Id.* at 847.

Plaintiff has not demonstrated that the defendants knew he faced a substantial risk of serious harm from another inmate. Although he states that Luttman threatened to harm him, there is no indication in the complaint that the defendants overheard the threat or were aware of it. Nor is there any indication in Plaintiff's statement of facts that prison officials knew about Luttman throwing a window crank at Plaintiff. Plaintiff alleges that John Doe #1 observed his injury as he was putting cold water on his face, head, and neck. Plaintiff also alleges that, after the incident in question, prison officials changed their policy of allowing laundry porters to open food slots in cell doors. But nothing in the complaint suggests that prison officials knew Luttman was potentially dangerous, likely to harm Plaintiff, or untrustworthy. "[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment . . . ." *Id.* at 844.

## IV. Conclusion

Plaintiff has not shown that the defendants knew of a substantial risk of serious harm to Plaintiff and disregarded that risk by failing to take reasonable measures to abate it. Consequently, Plaintiff has failed to allege sufficient facts to state a plausible claim for relief under the Eighth Amendment. The complaint [Doc. #1, filed Dec. 17, 2012] is summarily **DISMISSED** as frivolous and for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: January 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2013, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer
          Case Manager